UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES HAYS, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>V.<br><br>MASTEC NETWORK SOLUTIONS, LLC,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Defendant, MasTec Network Solutions, LLC ("MasTec"), failed to pay Plaintiff, James Hays, and its other technicians for all hours worked and also failed to pay appropriate overtime wages when they work more than forty (40) hours in a work week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff and the similarly situated employees he seeks to represent, are current and former employees of MasTec, who worked as technicians and were paid on a "point system" within the last three years (hereinafter referred to as the "Class Members").

3. MasTec's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and all other similarly situated technicians.

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

## THE PARTIES

6. Plaintiff, James Hays, lives in the Eastern District of Louisiana. Plaintiff was employed by MasTec as a technician from September 2017 to January 2018. His written consent is attached hereto as Exhibit 1.

7. The class of similarly situated employees consists of all technicians who worked for Defendant and were paid on a "point system" within the last three years (hereinafter referred to as "Class Members").

8. MasTec Network Solutions, LLC. is a Florida limited liability company that may be served through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

## FLSA COVERAGE

9. At all times relevant to this dispute, MasTec has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

10. At all times relevant to this dispute, MasTec has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

11. At all times relevant to this dispute, MasTec has had annual gross sales in excess of $500,000.

12. At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

13. Through its technicians, MasTec provides cable repair and installation service for residential and commercial clients.

14. Upon information and belief, MasTec is an authorized contractor for Cox Communications. Plaintiff was hired to work as a technician for MasTec. MasTec controls Plaintiff's conditions of employment. For instance, MasTec determines his pay rate and sets policies and procedures that Plaintiff and other Class Members are required to follow.

15. For instance, Plaintiff and the Class Members were paid a set amount per the number of "points" accumulated based on the type of job assignments. Plaintiff and the Class Members regularly worked over forty (40) hours in a work week in order to complete all of their job assignments. MasTec, however, did not pay Plaintiff and the Class Members for all hours worked in order to avoid overtime payments. MasTec denied the rights of Plaintiff and the Class Members guaranteed to them under the FLSA.

16. Plaintiff's primary duties as a technician consists of: driving to MasTec's warehouse every morning to pick up the supplies and equipment he will require for the day as well as a list (or route) of customers he will service that day; driving to customers' homes/businesses to install and/or repair equipment; calling customers to confirm appointments; attending meetings required by MasTec; submitting electronic information of completed jobs at the end of the day; returning to MasTec's office at the end of the day, when necessary.

17. As a technician, Plaintiff regularly worked more than forty (40) hours per work week. In fact, a typical work schedule requires Plaintiff to work more than 55 hours per week, with many weeks requiring him to work even more. Plaintiff was not a member of management. Neither he nor any other Class Member had authority to: manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to

govern MasTec's employees, handle employee grievances, determine the type of equipment or materials that MasTec could use in their operations, plan and/or set MasTec's budget, enter into contracts on behalf of MasTec, or otherwise have operational control over MasTec's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of MasTec or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of MasTec's business

18. Plaintiff and Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

19. MasTec had the power to discipline and/or terminate Plaintiff and the Class Members, regularly supervised and controlled work schedules and conditions of employment for Plaintiff and Class Members, determined the rate and method of payment of wages and commissions, paid Plaintiff and Class Member wages and made deductions to his wages, and maintained employment records of Plaintiff and Class Members.

20. In addition, MasTec issued Plaintiff a wage check every two weeks for some (but not all) hours worked by him during that week period.

21. Specifically, MasTec failed to pay for the time spent by Plaintiff and the Class Members for duties and responsibilities required of them, including the time spent picking up supplies and equipment from MasTec's warehouses, waiting in line at the warehouses to pick up/turn in supplies and paperwork, travel time between appointments, time spent waiting for new jobs to be provided by MasTec, and time spent helping other technicians

completing there jobs if needed, among other things. Moreover, MasTec failed to take into consideration this time when determining and/or calculating overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by MasTec as a cable technician within three (3) years from the filing of this suit who, like Plaintiff, (i) have not been compensated the correct overtime rate of pay, (iii) have not been paid for all hours worked, and/or (iv) have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

23. MasTec classified and pay all of its technicians in the manner described above. In this regard, MasTec maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

24. MasTec's technicians all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the Class Members are similar to Plaintiff.

25. Although the exact amount of damages may vary among individual Class Members, the damages for each individual can easily be calculated using the same methodology and formula.

26. MasTec possess the names and addresses of all Class Members in their records. The Class Members should be allowed to receive notice about this lawsuit and be given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover

their unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

*"All of MasTec's current and former technicians who worked for MasTec for the past three years and are/were paid on a point system."*

## CAUSES OF ACTION

27. Plaintiff incorporates the allegations in the preceding paragraphs.

28. Plaintiff and the Class Members were not paid overtime wages as required by the FLSA when they worked more than forty (40) hours in a work week. Instead MasTec paid Plaintiff and the Class Members through a "point system" that failed to take into account the actual hours worked. MasTec's failure to pay Plaintiff and the Class Members apporopriate overtime wages violated the FLSA.

29. MasTec's failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

30. Plaintiff and the Class Members are entitled to minimum wages for all hours worked up to forty (40) in a work week, overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## JURY DEMAND

31. Plaintiff hereby demands a trial by jury.

## PRAYER

Plaintiff respectfully requests that judgment be entered against MasTec, awarding him and all similarly situated employees:

a. Minimum wages for all hours worked up to forty (40) per week;

b. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times his regular rate of pay;

c. An equal amount as liquidated damages;

d. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e. Such other and further relief as may be required by law.

Respectfully Submitted:

*/s/ George B. Recile*

_____
GEORGE B. RECILE (#11414)
PRESTON L. HAYES (#29898)
CONRAD MEYER (#27574)
RYAN P. MONSOUR (#33286)
MATTHEW A. SHERMAN (#32687)
*Chehardy, Sherman, Williams, Murray, Recile, Stakelum & Hayes, L.L.P.*
One Galleria Boulevard, Suite 1100 Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 613-4528
*Counsel for Plaintiff*