UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES HAYS | CIVIL ACTION |
| VERSUS | NO: 18-3679 |
| MASTEC NETWORK SOLUTIONS, LLC | SECTION: "J"(2) |

**ORDER**

Before the Court is a *Motion to Compel Arbitration* **(Rec. Doc. 11)** filed by Defendant, MasTec Network Solutions, LLC ("MasTec"), and a response thereto (Rec. Doc. 13) filed by Plaintiff, James Hays ("Plaintiff"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

On April 6, 2018, Plaintiff, a former MasTec employee, filed the instant collective action complaint against MasTec for allegedly violating the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). Essentially, Plaintiff alleges that MasTec failed to pay him and other similarly situated employees appropriate wages and overtime compensation as required under the FLSA. In its motion, MasTec seeks to have the Court order the parties to arbitrate Plaintiff's claims in accordance with their

Dispute Resolution Policy ("Policy"). Plaintiff concedes that arbitration is proper.[1]

MasTec also argues that the Court should dismiss Plaintiff's collective action complaint with prejudice. The Court does not agree. The FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.*, 767 F.2d 1140, 1147 n.20 (5th Cir. 1985). Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under the agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. This provision is mandatory and demands a stay of the proceedings, at the request of a party, if the dispute is arbitrable and referred to arbitration. *Tittle v. Enron Corp.*, 463 F.3d 410, 417 n.6 (5th Cir. 2006). When all of the issues raised in the case are referable to arbitration, courts may dismiss,

---

[1] Plaintiff acknowledges that he agreed to arbitrate certain disputes, including, *inter alia*, "disputes regarding . . . *compensation* . . . and claims arising under the *Fair Labor Standards Act*. (Rec. Doc. 11-3) (emphasis added). Plaintiff also acknowledges that he waived any right to proceed via a class, collective, or representative action. *Id.*

rather than stay, the case. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). However, under those circumstances, dismissal is within the court's discretion; it is not required. *Apache Bohai Corp., LDC v. Texaco China, B.V.*, 330 F.3d 307, 311 n.9 (5th Cir. 2003). Accordingly,

**IT IS HEREBY ORDERED** that MasTec's *Motion to Compel Arbitration* **(Rec. Doc. 11)** is **GRANTED.** Plaintiff must submit his claims against MasTec to arbitration in accordance with the parties' Policy.

**IT IS FURTHER ORDERED** that all proceedings in this matter are hereby **STAYED** pending the outcome of the arbitration. The Clerk of Court shall mark this action administratively closed for statistical purposes.

**IT IS FURTHER ORDERED** that the *Motion for Leave to File Reply* **(Rec. Doc. 14)** is hereby **DENIED as moot.**

New Orleans, Louisiana, this 22nd day of June, 2018.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE